**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

BRYANT CROWDER,

    Plaintiff,

v.                                                           Case No. 3:14-cv-306-J-32MCR

MS. TAYLOR, et al.,

    Defendants.

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

Plaintiff, an inmate who is Incarcerated at Union Correctional Institution, initiated this action by filing a *pro se* Complaint (Doc. #1). He names the Warden of Union Correctional Institution and Ms. Taylor, a case manager, as Defendants. The Complaint is not a model of clarity and appears to raise both civil rights claims (false imprisonment, retaliation and an alleged violation of the Americans with Disabilities Act) and habeas corpus claims (seeking immediate release due to an allegedly incorrect calculation of his sentence and/or an error in his Broward County judgment of conviction). In addition to immediate release from prison, Plaintiff seeks $1,000,000.00 per day for each day he continues to be incarcerated.

As an initial matter, Plaintiff may not raise both civil rights claims and habeas corpus claims in a single action. Additionally, insofar as Plaintiff seeks damages for allegedly being held unlawfully beyond the expiration of his sentence, such a claim is premature. In Heck v. Humphrey, 512 U.S. 477, 489 (1994) (footnote and citations omitted), the United States

Supreme Court stated that a § 1983 cause of action "attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated."

> In a § 1983 suit for false imprisonment, a plaintiff must first show that his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-87, 114 S.Ct. at 2372. If such a suit is brought prior to invalidation of the challenged conviction or sentence, the suit must be dismissed. Id. at 487, 114 S.Ct. at 2372.

Mitschell v. Donald, 213 F. App'x 920, 922 (11th Cir. 2007) (per curiam).  Here, Plaintiff has not alleged that the current calculation of his sentence, providing for a release date of August 7, 2017, has been invalidated.  Moreover, to the extent he claims there is an error in his Broward County judgment of conviction, he has not alleged that the judgment has been invalidated.  Thus, any sort of false imprisonment claim is premature.

Moreover, Plaintiff's "attempt to use § 1983 to obtain immediate release from prison [i]s improper." Id. at 923.

> [The Plaintiff's] argument that he should be released from prison . . . attacks the duration of his prison sentence, not the conditions of his confinement. See Nelson v. Campbell, 541 U.S. 637, 643, 124 S.Ct. 2117, 2122, 158 L.Ed.2d 924 (2004) (stating that claims challenging the fact of conviction "fall within the 'core' of habeas corpus and are thus not cognizable when brought pursuant to § 1983"); Preiser[1], 411 U.S. at 500, 93 S.Ct. at 1841 ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he

---

[1] Preiser v. Rodriguez, 411 U.S. 475 (1973).

>seeks is a determination that he is entitled to immediate release
>. . . his sole federal remedy is a writ of habeas corpus.").

Id.  Thus, Petitioner must file a petition for writ of habeas corpus in this Court if he desires to challenge the calculation of his sentence by prison authorities.  However, if Petitioner desires to challenge the Broward County judgment of conviction under which he is currently incarcerated, he must file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Southern District of Florida.

Finally, insofar as Plaintiff may be attempting to raise any claims regarding the conditions of his confinement, he has failed to use the appropriate civil rights complaint form to present his claims.  He has also failed to either pay the $400.00 filing fee or file a request to proceed as a pauper.  Thus, this case will be dismissed without prejudice to Plaintiff's right to properly initiate a civil rights case to address any allegedly unconstitutional conditions of his confinement, if he so desires.

Accordingly, for all of the above-stated reasons, this case will be dismissed without prejudice.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.  This case is hereby **DISMISSED WITHOUT PREJUDICE**.

2.  The **Clerk** shall enter judgment dismissing this case without prejudice and close this case.

3.  The **Clerk** shall send a "Civil Rights Complaint Form," an "Affidavit of Indigency" form, and a "Prisoner Consent Form and Financial Certificate" to Plaintiff.  If

Plaintiff elects to initiate a civil rights action in a separate case, he may complete and submit these forms. Plaintiff should not place this case number on the forms. The Clerk will assign a separate case number if Plaintiff elects to file a civil rights case. In initiating such a case, Plaintiff should **either** file a fully completed "Prisoner Consent Form and Financial Certificate" and "Affidavit of Indigency" (if he desires to proceed as a pauper) **or** pay the $400.00 filing fee (if he does not desire to proceed as a pauper).

4. The **Clerk** shall transmit another Affidavit of Indigency form and a form for use in Section 2254 cases to Petitioner. Petitioner may use these forms to file a habeas petition in the appropriate court.

**DONE AND ORDERED** at Jacksonville, Florida this 8th day of April, 2014.

TIMOTHY J. CORRIGAN
United States District Judge

ps 4/8
c:
Bryant Crowder